**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **WILLIAM WAYNE BADEAUX** | **CIVIL ACTION NO: 6:23-CV-00537** |
| **VERSUS** | **DISTRICT JUDGE** |
| | **HON. ROBERT R. SUMMERHAYS** |
| **RODI MARINE, LLC, and** | **MAGISTRATE JUDGE** |
| **RODI MARINE MANAGEMENT, LLC** | **HON. CAROL B. WHITEHURST** |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINIONS OF CAPTAIN NELSON**

Plaintiff, William Badeaux, alleges he was injured when he was pulling in a mooring line to unmoor the vessel. In his accident report, his version is clear: he woke up with pain in his shoulder and when he pulled on the mooring line, it got worse.[1] In litigation, he has alleged that there was an enormous wave that caused the line to come tight, injuring him.

The captain on hitch at the time of Mr. Badeaux's injury was Conor Prigmore. He testified that although he saw Mr. Badeaux get hurt, he did not see how Mr. Badeaux got hurt.[2] He does not recall seeing the stern of the vessel drop with a wave.[3] The plaintiff has also deposed the captain off-hitch at the time, Captain Bill Nelson. Captain Nelson had been terminated by Rodi. He did not see the wave or the injury because he was in his bunk. He testified:

Q. You weren't there when Mr. Badeaux's accident happened?

A. No. I was in the bed.

Q. In your rack, right?

A. In my -- yeah, in a -- asleep.

Q. Right. So you can't say anything about how it happened, fair?

---

[1] Exhibit A, accident report from Mr. Badeaux.
[2] Exhibit B, deposition of Conor Prigmore, p. 33-34.
[3] Exhibit B, p. 44-45.

A. Fair.

Q. You can't say precisely what the sea state is because you weren't there?

A. Right.

Q. You didn't see anything, fair?

A. Fair.

Q. In fact, I think you said at the very, very outset here that the first time you heard anything about Mr. Badeaux's accident, probably when it happened you wrote out a sentence saying that I was in my rack when this happened, right?

A. Yeah.

Q. And other than that, you haven't thought about this since you basically showed up here today, right?

A. Right.[4]

Despite lacking factual knowledge of how Mr. Badeaux's accident happened, Captain Nelson testified at length about what he believed was safe and unsafe. This is opinion testimony, but Captain Nelson is not qualified as an expert. Furthermore, he has not been tendered as an expert under Fed. R. Evid. 702 or under Fed. R. Evid. 701. Therefore Captain Nelson's opinion testimony should not be admitted.

**Standard of review**

Federal Rule of Evidence 701 was amended in 2000 to prohibit lay witnesses from offering opinions based on "scientific technical or other specialized knowledge within the scope of Rule 702." *Texas A&M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 403 n. 12 (5th Cir.2003). The Fifth Circuit has previously recognized that "the amendment did not place any restrictions on the preamendment practice of allowing business owners or officers to testify based on particularized knowledge derived from their position." *Id.*, citing *Tampa Bay Shipbuilding &*

---

[4] Exhibit C, deposition of William Nelson, p. 78-79.

*Repair Co. v. Cedar Shipping Co.,* 320 F.3d 1213, 1222-23 (11th Cir.2003). Nevertheless, it has always been the rule that lay opinion testimony may be elicited only if it is based on the witness's first-hand knowledge or observations. This foundational requirement helps to eliminate the risk that a party will circumvent the reliability requirements set forth in Federal Rule of Evidence 702 by adducing expert testimony in lay witnesses' clothing.

**Applied**

Here, Captain Nelson testified that it was unsafe to moor and unmoor in 5' – 7' seas.[5] He also testified that whether it was safe or not depended not just on the wave height but on the type of waves and their direction, which he did not know,[6] and further, that it was just his opinion – other captains could feel otherwise, and that was their judgment call.[7] This is opinion testimony, and it should not be allowed.

Captain Nelson further testified that it is, in his opinion, safer to leave the mooring line in the water instead of tying off to the platform.[8] He further testified that it is safer to run weather patterns instead of tying off to a platform.[9] This too is an opinion, and it should be excluded.

The testimony from Captain Nelson that should be admitted is limited to (a) his experience to whether he performed JSAs and safety meetings; (b) his experience with stop work authority; and (c) his knowledge of the seas on the date of Mr. Badeaux's accident. Those are based on his actual knowledge. The remainder of his testimony about what is safer than what else is plainly opinion testimony and should be excluded.

---

[5] Exhibit C, p. 46-47.
[6] Exhibit C, p. 76-78.
[7] Exhibit C, p. 80-81.
[8] Exhibit C, p. 39-41.
[9] Exhibit C, p. 57.

Rodi would point this Court to *Badeaux v. Eymard Bros. Towing Co., Inc.*, 570 F. Supp. 3d 385, 388-389 (E.D. La. 2021), where Judge Vance addressed testimony about the cause of the plaintiff's accident that the witness did not see. The witness's opinions were not rationally based on his perception, so the Court excluded the testimony, and the accident report, except to the extent it was based on what the witness saw. This Court reached the same conclusion in *Van Winkle, Jr. v. Rogers*, C/A No. 19-1264 (W.D. La. Sept. 9, 2022) ("The record reflects that Cantrell lacks firsthand knowledge of the circumstances of the accident or the tire that failed on Rogers' tractor-trailer, and thus cannot opine as to the cause of the tire failure or the condition of the tire.")

So too, Mr. Nelson's opinion testimony should be excluded.

**DATED**: September 23, 2024

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Harry E. Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

*Attorneys for Rodi Marine &
Rodi Marine Management*